1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

# CENTRAL DISTRICT OF CALIFORNIA

10

# WESTERN DIVISION

| | |
|---|---|
| 11  MAN MACHINE INTERFACE<br>TECHNOLOGIES, LLC, a California<br>12  corporation, | Case No.  CV10-08629-JFW (AJWx) |
| 13            Plaintiff, | [Honorable John F. Walter] |
| 14     vs. | **STIPULATED<br>CONFIDENTIALITY<br>PROTECTIVE ORDER** |
| 15 | |
| 16  FUNAI CORPORATION, INC., a<br>New Jersey corporation; etc., et al., | **DISCOVERY MATTER** |
| 17 | |
| 18            Defendants. | |
| 19  AND RELATED COUNTERCLAIMS | 1st  Am. Compl. Filed:  Jan. 21, 2011<br>Complaint Filed:       Nov. 12, 2010 |
| 20 | |

21
22        Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, all parties, by

23 and through their attorneys, stipulate that all discovery and other materials

24 exchanged by the parties, non-parties or filed with the Court in the above-captioned

25 action shall be provided subject to the following conditions:

26        1.      In the course of this litigation, any party or non-party that produces or

27 is caused to produce discovery, may designate as "Protected Information" all or any

28 part of any discovery and other materials exchanged by the parties or filed with the

1   Court, including without limitation, documents and things, pleadings, motions,
2   interrogatory answers, answers to deposition questions, and responses to requests for
3   admission, which contain (a) confidential, competitively sensitive, proprietary,
4   financial, patent, trademark, copyright, trade secret, marketing, customer, research,
5   or product development information used in or relating to such party's business that
6   is believed to be unknown or unavailable to the public and (b) any other document
7   or thing containing other information of such a nature as to be protectable under
8   Rule 26(c)(i)(G) of the Federal Rules of Civil Procedure.   For any Protected
9   Information, the procedures set forth herein shall be employed, and the disclosure
10  shall be subject to this Stipulation and Confidentiality Protective Order ("Protective
11  Order").

12       2.     This Protective Order establishes four categories of Protected
13  Information. Information in category one is referred to as "OUTSIDE COUNSEL
14  ONLY CONFIDENTIAL INFORMATION." Information in category two is
15  "CONFIDENTIAL – NO PATENT PROSECUTION".  Information in category
16  three is "CONFIDENTIAL OUTSIDE COUNSEL AND REPRESENTATIVES."
17  Each party shall designate only one Representative.  MMIT shall designate Tara C.
18  Singhal.   Information in category four is referred to as "CONFIDENTIAL
19  INFORMATION."

20       3.     Only information that concerns the producing party's trade secret
21  information, its ongoing business plans, its future business plans, its future products,
22  or other information of which the producing party has a good-faith basis to believe
23  deserves a higher level of protection, shall be categorized as "OUTSIDE COUNSEL
24  ONLY CONFIDENTIAL INFORMATION".   Information that constitutes Sales
25  Data and Profitability Information of a party to this action shall be categorized and
26  produced    only    as    'CONFIDENTIAL    OUTSIDE    COUNSEL    AND
27  REPRESENTATIVES INFORMATION".  Sales Data and Profitability Information
28  shall mean annual sales in units and/or dollars and annual profits in dollars or

1   percentages for each of the accused remote control models from October 7, 2008, to
2   present, but shall not include back-up or support documents or information.  Each
3   party may designate other highly sensitive information as "CONFIDENTIAL
4   OUTSIDE COUNSEL AND REPRESENATIVES INFORMATION".   All other
5   Protected    Information    shall    be    categorized    as    "CONFIDENTIAL
6   INFORMATION".

7          4.    Only information that reveals future product designs that are trade
8   secrets    or    unpublished    patent    applications    shall    be    categorized    as
9   "CONFIDENTIAL – NO PATENT PROSECUTION".   No information in this
10  category two shall be produced to any attorney or representative of a Party unless
11  that attorney or representative has specifically agreed in advance to receive that
12  specific information, even if the information is called for by an interrogatory or
13  document production. Any attorney or representative of a Party who has received
14  information in this category shall not, for two years after receipt of such
15  information, participate in the prosecution of patent applications, reissue patents or
16  reexamination of patents for the Party he or she represents, if such information is
17  implicated in or relevant to the above activities.  The restrictions of this paragraph
18  shall no longer apply to any information that is published or otherwise becomes
19  available to the public.  For purposes of this paragraph 4, only individuals shall be
20  considered attorneys or representatives and restrictions placed on the activities of
21  such individuals shall not apply to any law firm or organization with which such
22  individual is associated.

23         5.    The parties do not presently expect that it will be necessary for FUNAI
24  to produce source code in this case.  Should it come to pass that the production of
25  source code is required the parties agree to expeditiously agree to a modification of
26  this protective order to accommodate the protection of any source code that is
27  produced.

28

6.      Any document or other tangible thing that contains or reveals Protected Information shall be appropriately labeled in accordance with Paragraph 2 above.

7.      When a party produces documents for inspection, no marking need be made by the producing party in advance of the inspection.  For purposes of the inspection, all documents shall be treated as containing category one OUTSIDE COUNSEL ONLY CONFIDENTIAL INFORMATION.  After the receiving party selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents before they are provided to the receiving party.

8.      Protected Information shall be revealed only to appropriate Qualified Persons (defined in Paragraphs 9 and 10 below), their clerical, support and secretarial staffs, paralegals, and assistants and used only for preparation and trial of this action.

9.      Except with prior written consent of the designating Party, no Protected Information materials (either original or copy) designated as "OUTSIDE COUNSEL ONLY CONFIDENTIAL INFORMATION" and no information contained therein, including any summaries made of such information, may be disclosed to any person other than to the following Qualified Persons:

(a)      Outside counsel of record representing the named parties in Civil Action No. LACV10-08629-JFW (AJWx) and their members and associate attorneys, paralegals and staff, (collectively, "Outside Counsel");

(b)      Subject to Paragraphs 11 and 12 below, experts and third party technical service contractors who are not presently employees of either party, or of any predecessor, parent or related company of either party, who are requested by Outside Counsel of the receiving party to furnish technical or expert services or testimony in connection with this litigation.

(c)     Third party contractors involved solely in providing litigation support services to Outside Counsel, including but not limited to non-technical jury or trial consultants.

(d)     The Court and its personnel whose duties require access to such materials.

(e)     An officer before whom a deposition is taken, including court reporters and other persons involved in recording deposition testimony in this action by stenographic reporting or any other means.

(f)     Any person who originally authored the document or previously received information or that document in the ordinary course of business but is not presently in possession of that document.

(g)     Witnesses deposed in this action under the following circumstances:  (1) any witness may be shown "Outside Counsel Only Confidential Information" in which the witness is identified as the originator, signatory, author, addressee, or recipient; and (2) any party selected by the designating party to provide testimony pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure.

(h)     Any other person agreed to in writing by the producing party or allowed through Court order.

10.     In addition to the Qualified Persons of Paragraph 9, materials designated "CONDENTIAL OUTSIDE COUNSEL AND REPRESENTATIVES" may be disclosed to Qualified Persons of Paragraph 8 and one Representative designated in writing to each party.   Each party shall designate only one Representative.   MMIT shall designate Tara C. Singhal.   Materials designated as "CONFIDENTIAL INFORMATION" may be disclosed to employees or agents of the receiving party, to whom disclosure is reasonably necessary for this litigation.

11.     Before any disclosure of Protected Information of the producing party is made to an individual pursuant to Paragraphs 9(b), (c), (f), (g) and (h), Outside

Counsel for the receiving party shall: provide the individual with a copy of this Order; explain its terms; and obtain from the individual a declaration in the form of Attachment A hereto, to comply with and be bound by its terms.  A copy of each declaration in the form of Attachment A shall be provided to the producing party.

12.     No Protected Information shall be shown to an expert or third party technical service contractor pursuant to Paragraph 9 until ten (10) days after the receiving party identifies in writing the individual to the producing party and provides the producing party with an executed Attachment A and a curriculum vitae. If the producing party, within ten (10) days of its receipt of written notice and an executed Attachment A, objects to such individual having access to any Protected Information, the individual shall be barred from such access for a thirty (30) day period commencing with the receipt by the producing party of a copy of the executed Attachment A.  Within that thirty (30) day period, the parties shall meet and confer to resolve any such objections.  If within that thirty (30) day period (i)

13.     All discovery and other materials exchanged by the parties shall be used only in connection with this litigation (including appeals) and shall not be used for any other purpose.

14.     In connection with the taking of depositions in this action:

(a)     Testimony or information disclosed at a deposition may be designated by a party or a non-party witness as Protected Information by indicating on the record at the deposition the specific testimony which contains Protected Information that is to be made subject to the provisions of this Order and shall be treated as such.

Alternatively, a party or a non-party witness may designate testimony or information disclosed at a deposition as Protected Information by notifying the other parties, in writing, within thirty (30) days of receipt of the transcript of the deposition, of the specific pages and lines of the transcript that are to be designated as Protected Information.  Each party or non-party witness shall attach a copy of

1   such written statement to the face of the transcript and each copy thereof in its
2   possession, custody, or control.

3         Whether or not designation is made at the time of a deposition, all
4   depositions shall be treated as Confidential Information from the taking of the
5   deposition until thirty (30) days after receipt of the transcript, or until receipt of the
6   notice referred to in this subparagraph, whichever occurs sooner.

7         (b)   Only Qualified Persons under Paragraph 9 above, the deponent,
8   and the court reporter shall be allowed to attend or have access to any portion of a
9   deposition in which OUTSIDE COUNSEL ONLY CONFIDENTIAL
10  INFORMATION is used or elicited from a deponent.

11        (c)   If a party or non-party witness designates information as
12  Protected Information on the record at a deposition, the court reporter, to the extent
13  possible, shall segregate into separate transcripts information designated as
14  Protected Information from information not so designated.  The page numbers of the
15  separate transcripts shall be consecutive so as to permit the pages to be merged into
16  a complete transcript at the time of trial or as the Court may direct.

17      15.   Nothing in this Order shall bar or otherwise restrict any Outside
18  Counsel herein from rendering legal advice to his or her client with respect to this
19  litigation and, in the course thereof, relying upon his or her examination of Protected
20  Information; provided, however, that in rendering such advice and in otherwise
21  communicating with his or her client, such person shall not make any disclosure of
22  Protected Information to any person not entitled to have access to it.

23      16.   (a)   The good faith designation by counsel of Protected Information
24  shall, without further proof, entitle such material to the protection of this Protective
25  Order.  If such designation is questioned by any other party, then this Protective
26  Order shall be without prejudice to the right of either party to bring before the Court
27  the question of whether same is or is not of a confidential nature as defined in
28  Paragraphs 1 and 3 above.

[*PROPOSED*] STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

(b)   Inadvertent disclosure of Protected Information, without identifying the same as confidential, shall not be deemed a waiver of confidentiality with regard to similar or related information nor shall it be deemed a waiver of confidentiality with regard to the information inadvertently disclosed, if called to the attention of trial counsel for the receiving party promptly.

17.   Any party desiring to file under seal any pleadings or other documents containing the "CONFIDENTIAL" or "CONFIDENTIAL – ATTORNEYS' EYES ONLY" information of any party for use in connection with a hearing or trial shall seek prior approval of the Court pursuant to Local Rule 79-5 by presenting to the Court a written application and a proposed order, along with the document or documents submitted for filing under seal.  In addition to complying with Local Rule 79-5, any party seeking approval to file a document or documents under seal shall comply with Paragraph 9 of the Court's Standing Order dated November 15, 2010 (the "Standing Order").

18.   Pursuant to Paragraph 9 of the Standing Order, if a party wishes to file a document that has been designated confidential by another party, the submitting party shall give the designating party five calendar days' notice of its intent to file. If the designating party objects, it shall notify the submitting party and the burden will then be on the designating party to file an application to file the document or documents under seal within two court days.

19.   The parties shall not file any pleadings containing documents they have requested the Court to file under seal until the Court acts on the application to file under seal.

20.   If the receiving party disagrees with the confidential status of any designated document or other material, the receiving party may challenge such designation by providing the designating party with written notice identifying the specific document or material being challenged and reasons it believes the designation is inappropriate.  The designating party shall have fifteen (15) days from

the receipt of such notice to withdraw its designation or provide the reasons it believes the designation is appropriate.  The parties shall thereafter meet and confer in an attempt to resolve any remaining dispute.  Thereafter, counsel for the challenging party may file a motion with the Court in accordance with the Court's rules governing discovery disputes.  The burden of persuasion in any such challenge proceeding shall be on the designating party.  Until the Court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the designating party's designation.

21.   In the event that a party seeks discovery from a non-party to this suit, the non-party may invoke the terms of this Protective Order with respect to any Protected Information provided to the parties by the non-party by so advising all parties to this suit in writing.

22.   Within sixty (60) days of termination of this litigation, including any and all appeals therefrom, attorneys for the receiving party shall destroy all Protected Information received hereunder.  All copies of Protected Information received by others hereunder shall also be destroyed, except for any Protected Information contained within Court filings and retained by the Court. Notwithstanding the foregoing, Outside Counsel for the receiving party may retain a copy of Protected Information of a producing party, to the extent reflected or contained in such Outside Counsel's work product or in materials filed with the Court.  Outside Counsel, however, may retain such materials for their own reference and may not use them for any other purpose or disclose them to any other person.

23.   Prompt written notice shall be given to any party who produced Protected Information hereunder, in the event that party's Protected Information is sought by any person not a party to this litigation, by subpoena in another action or by service with any legal process or order.  Such notice shall include a copy of such subpoena, legal process or order.  Any persons seeking such Protected Information who take action to enforce such subpoena or other legal process shall be apprised of

this Protective Order.  Nothing herein shall be construed as requiring anyone covered by this Protective Order to contest a subpoena or other process, to appeal any order requiring production of Protected Information covered by this Protective Order or to subject itself to penalties for non-compliance with any legal process or order.

24.  Inadvertent production of documents or information subject to the attorney client privilege or work product immunity shall not constitute a waiver of such privilege.  After receiving notice from the producing party that documents or information subject to the attorney client privilege or work product immunity have been inadvertently produced, the receiving party shall not review, copy or disseminate such documents or information.  The receiving party shall return such documents or information and any copies to the producing party immediately.

25.  The foregoing is without prejudice to the right of any party to apply to the Court for further protection or disclosure relating to discovery.

26.  Nothing in this Protective Order shall prejudice the right of any party to oppose production of any information for lack of relevance, privilege, or any ground other than confidentiality.

27.  Nothing in this Protective Order shall prejudice the right of any party to bring before the Court at any time the question of whether any greater or lesser restrictions should be placed upon the disclosure of any Confidential Information.

28.  Protected Information shall be used solely for the purpose of this action.  No party or person shall make any other use of any such Protected Information, including but not limited to use for commercial or competitive purposes or use in any other legal proceeding not related to the patents and claims that are a part of this action, except as permitted by order of the Court.  Nothing in this Protective Order, however, shall preclude a party from using in the regular course of its business any document, tangible thing or other information, which it has received or hereafter receives other than through discovery in this action.  This

provision shall not mean that any such use by a party in the regular course of its business is, or is not otherwise lawful or permissible.  This provision or any other portion of this Protective Order shall not be admissible at trial to prove any use of Protected Information is, or is not, lawful or permissible.

29.    Nothing in this Protective Order shall prevent disclosure of Protected Information if the designating party consents to such disclosure or if the Court, after notice to all parties, orders such disclosure.

30.    The Court shall determine at the time of trial how Protected Information shall be handled at trial, consistent with the purposes of this Protective Order.  This Protective Order shall not prejudice or affect any party's right to object to the authenticity or admissibility of any evidence at trial.  This Protective Order shall remain in force and effect during the entirety of this litigation and thereafter (including after the return or destruction of documents in accordance with Paragraph 21), until modified, signed by each party, superseded or terminated on the record by the agreement of the parties hereto or by Order of the Court.

31.    Following any termination of this litigation, the Court shall retain jurisdiction to resolve any disputes regarding the applicability or enforcement of this Protective Order.

DATED: __9/25/11_____        _____
                                Honorable Andrew J. Wistrich
                                United States Magistrate Judge


Approved as to form and substance:

Submitted By:

[*PROPOSED*] STIPULATED CONFIDENTIALITY PROTECTIVE ORDER

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Robert A. Schroeder (SBN 73913)
robert.schroeder@usip.com
Elizabeth L. Swanson (SBN 150894)
elizabeth.swanson@usip.com
**SHELDON MAK & ANDERSON PC**
100 Corson Street, Third Floor
Pasadena, CA 91103-3842
Telephone:   (626) 796-4000
Facsimile:    (626) 795-6321

Attorneys for Plaintiff, Counter-Defendant
MAN MACHINE INTERFACE TECHNOLOGIES, LLC
a California corporation

- AND -

Michael A. Tomasulo (SBN 179389)
tomasulom@dicksteinshapiro.com
Paul G. Novak (SBN 261388)
novakp@dicksteinshapiro.com
DICKSTEIN SHAPIRO LLP
2049 Century Park East, Suite 700
Los Angeles, California  90067-3109
Telephone:   (310) 772-8300
Facsimile:    (310) 772-8301

Attorneys for Defendant, Counterclaimant
FUNAI CORPORATION, INC.,  a New Jersey corporation

-12-

Attachment A

ASSURANCE OF COMPLIANCE

I, _____, under penalty of perjury under the laws of the United States of America, declare and state as follows:

I reside at _____, in the City/County of _____ and State/Country of _____;

I have read the annexed Confidentiality Protective Order, ("Protective Order") dated _____, 2011, in this action entitled *MAN MACHINE INTERFACE TECHNOLOGIES, LLC, v. FUNAI CORPORATION, INC., etc., et   al.*, United States District Court Case No. LACV10-08629-JFW (AJWx), which currently is pending in the United States District Court, Central District of California; that I am familiar with and agree to comply with and be bound by the provisions of that Protective Order;

I will not divulge to persons other than those specifically authorized by the Protective Order, and will not copy or use any Litigation Materials designated as "OUTSIDE   COUNSEL   ONLY   CONFIDENTIAL   INFORMATION"; "CONFIDENTIAL   OUTSIDE   COUNSEL   AND   REPRESENTATIVES INFORMATION"; or "CONFIDENTIAL INFORMATION" except solely as permitted by the Protective Order; and

I consent to the jurisdiction of the United States District Court, Central District of California for the purpose of enforcing said Protective Order, enjoining any violation or threatened violation of the Protective Order or seeking damages for the breach of said Protective Order.

_____

(Signature)

[*PROPOSED*] STIPULATED CONFIDENTIALITY PROTECTIVE ORDER